UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

IN RE:

Case No.: 17-10703-BKC-LMI
Chapter 11 Proceeding

**MIAMI NEUROLOGICAL
INSTITUTE, LLC**

    **Debtor.**

_____/

## DEBTOR-IN-POSSESSION EMERGENCY MOTION TO COMPEL ACCESS TO ACCOUNTING RECORDS

The Debtor-in-Possession, **Miami Neurological Institute, LLC**, (the "Debtor") hereby files this its Emergency Motion to Compel Access to Accounting Records, and in support thereof, respectfully states as follows:

### Reason for Exigency

1.    The Debtor is seeking an emergency hearing on this motion as its accounting records are inaccessible. Without access to its accounting records, both historical and going forward, the Debtor is unable to appropriately prepare its financial projections or prepare its Schedules and Statement of Financial Affairs. As such, the Debtor respectfully requests the Court hear this Motion as soon as possible.

2.    On January 20, 2017, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

3.    Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor is operating its business and managing its affairs as debtor-in-possession. As of this date, no trustee, examiner, or statutory committee has been appointed in this Chapter 11 case.

4. The Debtor is engaged in the business of owning and operating a neuro spine clinic. The Debtor employs doctors for these centers. Prior to the filing of the instant bankruptcy, the Debtor outsourced its "back office tasks" to Amblitel, LLC ("Amblitel"). These services included the Debtor's accounting and financial management needs.

5. Unfortunately, prior to the filing, the Debtor was indebted to Amblitel for the accounting and financial services. As such, upon the filing of the bankruptcy, Amblitel ceased performing its duties for the Debtor, which effectively cut off the Debtor's access to its accounting software and financial records.

6. By restricting the Debtor's access to its accounting records, the Debtor is unable to properly prepare any financial projections, other than those currently existing. After the filing, the Debtor requested access to its accounting records and accounting software from Amblitel.

7. However, the Debtor's request was denied and Amblitel continued to restrict the Debtor's access to its financial books and records. After communicating with Amblitel, it was confirmed the Debtor's access would not be reinstated until and unless the Debtor satisfied the prepetition debt owed to Amblitel.

8. Amblitel is in possession of the Debtor's financial books and records as a custodian, and the Debtor is entitled to its financial books and records.

9. Pursuant to 11 U.S.C. § 543(b)(1): "[A] custodian shall (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case."

10. As Amblitel has failed and refused to provide the Debtor with access to its financial books and records, which the Debtor is entitled, the Debtor respectfully requests the Court enter an Order compelling Amblitel to provide the Debtor with access to its financial books and records within twenty-four (24) hours of the date of any Order entered by the Court.

**WHEREFORE,** the Debtor, **Miami Neurological Institute, LLC,** respectfully requests that this Court enter an Order compelling Amblitel to provide the Debtor with access to its financial books and records within twenty-four (24) hours of the Order granting this Motion; and granting such other and further relief as this Court may deem just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished on this 5th day of February 2017 by CM/ECF to:

Brett A Elam, Esq. on behalf of Debtor Miami Neurological Institute, LLC
belam@brettelamlaw.com,info@brettelamlaw.com;deanna@brettelamlaw.com;lynn@farberelamlaw.com;adamfarberlaw@gmail.com;brettelamlaw@gmail.com;elise@adamfarberlaw.com

Zachary P Hyman on behalf of Creditor City National Bank of Florida
zhyman@bergersingerman.com,
clamb@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com;efile@ecf.inforuptcy.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Paul Steven Singerman, Esq on behalf of Creditor City National Bank of Florida
singerman@bergersingerman.com,
mdiaz@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Paul Davis, CEO/president of Amblitel, LLC
pdavis@amblitel.com

                BRETT A. ELAM, P.A.
                Attorney for Debtor
                105 S. Narcissus Avenue
                Suite 802
                West Palm Beach, FL 33401
                (561) 833-1113 (telephone)
                (561) 833-1115 (facsimile)

    By: /s/ Brett A. Elam           .
         BRETT A. ELAM
         Florida Bar No. 576808